```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
                          CAMDEN VICINAGE
```

| | |
|---|---|
| JOHN F. TYLER, | |
|         Plaintiff, | |
|     v. | Civil No. 08-6275 (RMB) |
| COMMISSIONER OF SOCIAL SECURITY, | **MEMORANDUM & ORDER** |
|         Defendant. | |

**BUMB**, UNITED STATES DISTRICT JUDGE:

    This matter comes before the Court upon its own motion. The plaintiff, John F. Tyler, (the "Plaintiff") initiated this action to appeal a decision of Administrative Law Judge Joseph M. Hillegas and the Appeals Council of the Social Security Administration, which determined that Plaintiff was not eligible for Disability Insurance Benefits and Supplemental Security Income. Plaintiff filed a brief in support of his appeal on July 27, 2009. The defendant, Social Security Commissioner Michael J. Astrue, (the "Defendant") filed an opposition brief on September 1, 2009, which did not address the arguments raised by Plaintiff, but instead argued that the appeal should be dismissed pursuant to 42 U.S.C. § 405(g) for Plaintiff's failure to file it in the district where he resides. Plaintiff filed a responsive letter,

which, citing Federal Rules of Civil Procedure 12(b) and 12(h)(1), argued that the defense of improper venue is waived if not included in a responsive pleading.  Here, Defendant had failed to timely raise the venue defense in his Answer.  Defendant then filed a further responsive letter, conceding that the venue defense is waivable, but requesting that the Court, in its discretion, nonetheless transfer this case to the proper forum rather than dismiss it altogether.

Section 405(g) of United States Code Title 42 grants to Social Security claimants a right to judicial review of final decisions of the Commissioner of Social Security.  42 U.S.C. § 405(g).  The provision requires, however, that such appeals "be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . ."  Id.  Section 405(h) further provides that "No . . . decision of the Commissioner of Social Security shall be reviewed by any . . . tribunal . . . except as herein provided."  42 U.S.C. § 405(g).

It appears to the Court that Plaintiff resides in South Carolina.  Although this action was filed in December 2008, Plaintiff indicated as early as June 27, 2007 that he was living in South Carolina. (Def.'s Br. 2.)  Indeed, Plaintiff's Complaint forthrightly states that "Plaintiff is a citizen of the State of South Carolina residing at 136 Herbert Road, Neeses,

South Carolina 29107." (Compl. ¶ 1.) It is therefore undisputed that venue before the United States District Court for the District of New Jersey is improper, pursuant to 42 U.S.C. § 405(g).

However, Federal Rule of Civil Procedure 12(b) requires that the defense of improper venue be asserted in the responsive pleading. Fed. R. Civ. P. 12(b). When not so asserted, the defense is waived. Fed. R. Civ. P. 12(h)(1). Here, because the defense of improper venue was not raised by Defendant in a timely manner, it has been waived. See Weinberger v. Salfi, 422 U.S. 749, 764 (1975) ("[A]ppropriate venue . . . [is] waivable by the parties"). Accordingly, the Court will not dismiss this appeal for its defective filing.

Although Defendant may not assert improper venue as a defense to liability, the Court may, upon its own motion, transfer the case to the proper judicial district. The leading treatise on federal procedure explains:

> Since an objection to venue is a personal privilege of the defendant, the burden is on the defendant to object in a proper and timely fashion if he thinks venue is improper. The failure to raise the objection properly is a waiver of the defense. . . . Because of the waiver principle and the personal nature of the defense, it generally (but not always) is thought inappropriate for the district court to dismiss an action on its own motion for improper venue if there has been no objection from the party for whose benefit the privilege exists. . . . [C]ourts sometimes will transfer an action to another district on their own motion when venue is improper. The reason for the distinction in treatment between dismissal and transfer is likely the different consequences of the

two procedures.

Wright, Miller, & Cooper, <u>Federal Practice and Procedure: Jurisdiction 3d</u> § 3826 (WL 2009).  Section 1406(a) of United States Code Title 28 provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

Here, the Court finds that the interest of justice is served by transfer of this case to the proper judicial district.  Plaintiff resides in South Carolina and Defendant prefers to mount his defense in the courts of the District of South Carolina.  The District of South Carolina provides the preferable venue in the event that additional discovery from Plaintiff is required to resolve the appeal, or in the event that the matter is remanded for further proceedings before the Social Security Administration (which would presumably occur in the Administration's South Carolina regional offices).  Moreover, to date, Plaintiff has invested relatively little effort litigating this matter before this Court, as evidenced by his lateness in serving the Commissioner, Attorney General, and U.S. Attorney (which were served approximately three months after the filing of his Complaint), as well as the untimely filing of his Merits Brief, which does not raise any novel legal issues and turns

largely upon the unique facts underlying Plaintiff's claim. These factors, taken together with the fact that Plaintiff erred by filing his appeal improperly before this Court, weigh in favor of a finding that the interests of justice are served by transferring this case.[1] While the Court acknowledges that transfer might impose upon Plaintiff the burdens of delay and preparation of additional briefing, the aforementioned factors favoring transfer weigh more heavily in the final analysis.

Accordingly, **IT IS** on this, the **20th** day of **October 2009**, hereby

**ORDERED** that this case shall be **TRANSFERRED** to the United States District Court for the District of South Carolina; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this file.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE

---

[1] Although no timely objection was raised by Defendant, the Court may consider the clearly improper venue as one factor in its analysis. See, e.g., In re Langston, 291 B.R. 872, 876 (Bkrtcy. N.D. Ala. 2003) ("[T]he interests of justice (as well as the administrative stability of the judicial districts) are served by the Court's correcting the filing of a case in the wrong district." (citing In re Henderson, 197 B.R. 147, 156 (Bankr. N.D. Ala. 1996)) as cited by Wright, Miller, & Cooper, supra.